May it please the Court, good morning. My name is Stacey Tolchin and I represent Petitioner Ochoa. I would like to reserve four minutes of my time for rebuttal. You'll have to help keep track of your time. Yes, Your Honor. Petitioner Ochoa was in a removal proceeding that was pending in New York and departed the U.S. because her father was dying. When she attempted to return to the U.S., she was issued an order of expedited removal, less than, she was deported. Less than three months later, she returned to the U.S. without authorization and was arrested by DHS and issued an order of reinstatement of removal on May 9th, 2016 in Tucson. She was then transferred to Tacoma, Washington where she was detained and issued a reasonable fair interview before an asylum officer and then the immigration judge. When the judge in New York in the plenary removal proceeding was informed of the expedited removal and reinstatement order, he terminated removal proceedings believing that termination was required by law. Petitioner the Arizona reinstatement of removal order, the Tacoma immigration judge's reasonable fear determination, and the termination of removal proceedings by the New York immigration judge. All three issues... Don't we lack jurisdiction over the substance of what the New York decision was? So, Your Honor, I think... It's a yes or no question. No. So... Why do we have jurisdiction over what happened in New York? This is the next step after Alcala and Galindo-Romero, right? In those cases, the court said that the termination of removal proceedings is not a final order that's reviewable and that essentially it's not ripe until there's a reinstatement of removal order. She's now raising this concurrently with the removal... But there are three problems with this. One is it's a termination order. Two, it's New York, right? And we're not in New York. And three, the orders that you're relying on all were issued after the petition for review was rejected. All of those would seem to me to be a big problem in terms of our having jurisdiction over it. Right. So, I agree this is a very complicated case on the procedure. On the administrative record, right? So, 1252b4 states that review of an order of removal is based on the record on which the removal order is based. So, the termination occurs after the reinstatement order, but prior to the withholding decision from the IJ. And so, I think it's unclear when the record period stops. But the final order of the BIA in the New York case was after everything. Yeah, I agree under b4. I think that that would be a problem, Your Honor. It's such a confusing situation. Well, it isn't all that... Let's go back to the thing that you're really unhappy about, which is the reinstatement, right? Yes, Your Honor. Okay. And it appears to me that Section 1231a5 specifically not only authorizes, but appears to require reinstatement of removal orders in this situation. And I don't see any other statute that supersedes it or says that it doesn't apply or says that it doesn't apply if there's something in process somewhere else. So, Your Honor, the law is 100% clear that 1231a5 is not required by law. That's supported... But it supports, whether it's required, isn't maybe the important part of my question. It at least authorizes a reinstatement order in this situation, does it not? If there's not a pending removal... No, where do you see that in the statute? 1229a3. 1229a3 says, unless otherwise specified in this chapter, the other proceeding is the sole proceeding. But in the same chapter, specified is reinstatement of removal. So it seems to me that you're reading out that initial phrase, unless otherwise provided. I don't think so, Your Honor, because then the matter of GNC decision would make no sense, right? So in matter of GNC, the board says that the IJ is not required to terminate for reinstatement and that it's discretionary. So if this provision was requiring the sole and exclusive language to actually be tailored to reinstatement, that wouldn't make sense because... No, no, no. I think we're talking past each other. I think a5 authorizes reinstatement in this situation. Okay. That's the starting point. It authorizes it. It doesn't specify that it can be done only if nothing else is going on. In fact, it's very broadly worded, at any time after the reentry. And I don't see anything in a3 that even speaks to that. And if it might speak to that, that initial phrase points you to somewhere else that's more specific, that unless otherwise provided in this chapter. So I don't see why they're even in conflict. The reading in matter of GNC of these provisions is that you can be subject to reinstatement, but still have a 1249A proceeding, right? And that's not unusual. No, it's quite common. To me, what strikes me about this case and about GNC and the other cases you're relying on, is this was all... I mean, in a sense, there were two separate removals here. In other words, in all the other cases, I believe, the removal that was going on and that was pending was with regard to the removal order. They were trying to get a removal, a reinstatement of the same removal order or the same removal incident. But here, the first proceeding was about the fact that she had crossed the border a million years ago and wasn't legally here, right? The second was that she came back separately and illegally crossed the border now, right? So it was a whole different... It was independent of what was going on in New York. It wasn't the same thing as what's going on in New York. And all the other cases were completely parallel proceedings. This is not a parallel proceeding at all. So in matter of GNC, there was an expedited removal issued before the NTA was issued. Right, but... Okay. It's either Galindo, Romero, or Alcala. It's similar. And now they're trying to reinstate that expedited hearing in the proceeding, and that's what was before the IJ, which he could either terminate or not terminate. The same order, right? Well, there was an expedited removal, then an NTA. Right. And so the judge was deciding whether to terminate. But the judge in New York was not adjudicating anything having to do with either her first or her second crossing of the border after those proceedings in New York began. Those were separate, later, different. Right. But the same thing also happened, I think, in Galindo, Romero, similar facts, where there was an expedited removal entered in the interim. It's either Alcala or Galindo, Romero, one of those. So it was entirely separate. I think the question... But in the interim, meaning that there were pending proceedings, and then there was an expedited... Then she separately crossed the border, and then there was an expedited removal? I believe that's right. It's one of the two. They're different on their temporal scope of the removal orders. The other thing that is important in this case is that she was eligible for In fact, she had been set for a merits hearing in 2014, was set for a 2017 merits hearing on the cancellation. And by the way, is that the only reason you really care about this? I'm really a little baffled about why this all matters so much. Is the reason because she could seek cancellation of her removal? A hundred percent, Your Honor, yes. And that's the only reason? Correct. I mean, I care about it also, obviously, for looking for the procedurally proper thing, because this does happen a lot on this issue of the reinstatement, where the reinstatement is issued while somebody's in removal proceedings, and a lot of the times the judges believe that termination is required by law. If you look at the board decisions that are cited in Alcala, Galindo, Romero, and Lynn, all of those cases, the board says if the person's subject to reinstatement, termination is required by law. And so... I should say, by the way, the one thing I think you're right about here is that he really didn't... He was not precluded from reopening. His own decision. But I don't know why that matters, because I don't know how we get to it. Well, it's interesting, because the judge's decision actually says, although this is a sympathetic case, I'm bound by the statute. And that seemed wrong to me, because that statute, what it said you couldn't reopen was the expedited removal, not his own decision to terminate. So it didn't make any sense. But then we have all these jurisdictional problems. Right. So the other issue, just, Your Honor, is the notice issue, because the judge never addressed this issue about not being... The petitioner was not served with the motion to terminate, right? And so repeatedly the attorney says, I didn't get notice, I didn't get notice, and it's never addressed. That's all fine, but we're in California, and you're trying to get us to deal with this New York proceeding, which didn't finish until well after this case was filed, and in a situation... I mean, you might be able to get around the problem of not ordinarily being able to review termination decisions, you know, with something like, you know, there's a legal error, because there may well have been a legal error, but I don't know how we get to it. So I think Bibiano addresses this on the issue of the New York proceeding, where it says that the issue of where the IJ is located is venue, it's non-jurisdictional. Bibiano's a little bit different on the situation, but I think it would allow... Venue or jurisdiction, whatever you say it, we don't look at what happens in New York directly, ever. But I think that Bibiano would allow you to, in addition, because the case is inextricably linked to the removal order under the 1252B9 analysis, it would all fold in, and ultimately the proper place to seek review of this entire case is here, because that's where the Tacoma IJ decision was, and that's what rendered the reinstatement order final for purposes of judicial review. And so based on that, everything that happened in this case folds in under B9 to review of the order. Why isn't it the other way around, that everything flows into what happened in New York later? Because Alcala and Galindo-Romero say that that order is not reviewable under a petition for review. You cannot file a direct petition for review of those cases. It has to be raised in conjunction with a reinstatement of removal order. You had a question? Yeah. It seems that what you're... Thank you, Judge. It seems like what you are doing is asking us to extrapolate and create new law here, because I don't see that... What's his name? Bibby... Bibiano. Bibiano. Yeah, it's a strange name. As saying precisely what you suggest it says. You're carrying it further than it goes. Okay. I mean, I think you're right. I think this is all new law, and there's no law... There's no case like this out there, right? This is a case where there's three different proceedings. Bibiano is the closest analogy to that, and its assessment of what venue is as opposed to jurisdiction is different. What Bibiano is clear on is that the proper place to raise a claim regarding this entire proceeding is where the IJ's determination on a reasonable fear was, and that was Tacoma. So if everything under 1252 B-9 is zipped up into jurisdiction on a petition for review, that would mean that the court is able to review it, especially because there can be no separate petition for review from the New York judge's decision, right? The New York judge ruled on termination. Even when it goes to the board, it's not a final order of removal for purposes of judicial review. So it must be zipped up into that B-9 analysis. Or not reviewable at all, potentially, but... But then, Your Honor, I understand that, Your Honor, but then we've got a 1252 A-2-D problem on the legal and constitutional errors. So in a case like this where there are legal errors, at least alleged, then there would be no review available of a legal or constitutional error committed by an immigration judge, and that would be a problem. And that resulted in no final decision. So, I mean, if there's an error but no final decision, it's potentially a so what. But it's not, Your Honor. Even if you look at the Morales-Escuero decision, the 2010 reinstatement case, that's a case where it's a reinstatement order, but the court is looking at the adjustment of status. In that, there's no final order in there. It's just a denial of adjustment of status. But it was part of the proceeding that led to the reinstatement. And so even there, they're looking at a legal issue on the denial of the adjustment of status. You're down to about a minute and some. But what they decided was that they couldn't decide it. On Morales-Escuero? Yes. I mean, in other words, their ultimate conclusion was that what happened in the underlying expedited removal was not revealable. Your Honor, that's the 2007 en banc, but on the 2010, they reviewed the adjustment of status denial. And in that case, they review it and ultimately deny it. But they do review the adjustment of status for legal error. And I'd like to reserve my remaining time. Thank you. Thank you. Good morning. May it please the Court. Tony Pottinger for the Attorney General. I'd like to just briefly address two cases cited by Petitioner Acala and then the matter of GNC. Just briefly, Acala does not mandate that a petitioner be permitted to challenge an agency decision to terminate in tandem with the reinstatement order. In regards to GNC, that case, nor my read of the other cases cited by Petitioner, did not involve a petitioner who left during 240 proceedings, illegally reentered, and then was removed through the expedited process. So . . . She says there's one case that does. I don't know which one it is. It would be helpful to know. Viviano or Viviano or something. Yeah. Respectfully, that wasn't my understanding of that case, Your Honor. And regardless, it wouldn't confer jurisdiction on this Court to look at the termination proceedings for the reasons that were hashed out earlier. They were in New York. They happened after the PFR was filed and, you know, the other jurisdictional hurdles. As I said before, it seemed to me that the one piece of all this that did seem to me to be a clear legal error was the IJ's determination in New York that he couldn't reopen his prior termination. And I didn't understand what he was saying because the statute he was relying on didn't address anything about reopening the decision to terminate and it didn't even say anything about reopening a reinstatement order. It was about reopening the underlying expedited . . . underlying removal order, not the reinstatement part. Let's say I thought that. First of all, I don't know if you have any reaction on the merits to that question. Yeah. Where he was getting that from. I didn't . . . I understand your question and I understand Petitioner's argument. I don't . . . I don't see . . . I don't agree with the merits of that, but notwithstanding that, assuming that . . . Well, I was about to say that if we thought that that was so. I would be curious to know what you thought of the merits of that, why you don't agree with the merits of that. I look at the reinstatement statute and I'm reading that, you know, granted in a light favorable to my client's position, which is that it, you know, requires the expedited removal, the shall remove. That's how I read that. Reasonable minds could . . . But he was relying on language saying that you can't reopen it and reopening what you couldn't reopen, what you can't reopen is the order that is being reinstated. That's what it says you can't reopen. Yes, Your Honor, I think . . . All right. And he was interpreting it as saying that he couldn't reopen either his own determination, whether to terminate, or the reinstatement decision as opposed to the order underlying the reinstatement decision. All right. Suppose I thought there was a problem. On the other hand, is there no way . . . Is your ultimate position of the jurisdictional issues that there would be no way to reach that legal issue? If it were . . . Let's assume it was flat wrong. Sure. Yes, Your Honor. Is there . . . Is that simply no way to reach it? Not in this court, Your Honor, and I think . . . Well, how about in the other one? I mean, she's right, isn't she, that because it was a termination, it's not reviewable. Would it be reviewable . . . Is the possibility that somehow it would be reviewable in a habeas or something? Maybe in the habeas context. Certainly, and I don't want to step too outside the record here, there was an additional board there. Now, that board decision, if I understand, this court decided not to grant the motion to include that with the record. I think that was docket entry 34 was the motion. Well, I don't understand why we have to put something in the record. It's a judicially noticeable document. Understood, Your Honor. And then there was a subsequent . . . And again, I'm stepping outside the record. I acknowledge that. There was a subsequent board decision on reconsideration a year after that board decision. So, there was an opportunity for review. Granted, it wasn't in federal court, but there was an opportunity for scrutiny to be applied to the IJ's decision. And in both instances, the board upheld that decision. Well, could there have been an appeal from the board's decision in New York? Our position is no. For the same reasons that there couldn't be in this court, say there was a termination proceeding in Los Angeles, and that would be that it's not a final order of removal, notwithstanding any . . . Sure, there could be a legal . . . In your view, this is one of those cases that retired Justice Kennedy called a problem without a remedy? That would be . . . Except for habeas. Do you agree that habeas might be available? Certainly. Maybe in a fact-specific context, a habeas petition could lie in that case. Subject to any further questions, the government would submit on the briefs and return the floor to the petitioner. Do you have any further questions? No, I guess not. Okay. Thank you. You have about a minute and some left. Thank you, Your Honors. Just to refer back, the Galindo-Romero is the case where there was a pending plenary proceeding under 1229A, and then the person left and got an expedited removal order. I would love . . . Then what did it hold? That the termination was not reviewable on a direct petition for review, right? So that's the case where the judge . . . All right, but that doesn't . . . And in that case, the expedited order had not been reinstated. Correct. So there wasn't any final order in that case. Right. Okay. And then that's where the court says any remedies are available with a filing of the petition for review if it's reinstated. And so that's what exactly we've done here, right? I don't believe there would be habeas jurisdiction of the denial, I mean, the termination decision, just because of 1252B9, which requires that all issues related arising from a proceeding to remove somebody be raised in the petition for review. There is no case on this, and certainly if that is a potential remedy, then the petitioner might have that opportunity to file . . . But, you see, it still seems to me to be a different removal, not the same removal. But it is not a removal, right? That's what Alcala and Galindo-Romero hold. Well, I understand it, but therefore when you say all proceedings arising from relating to removal have to be in one place, it's not the same removal. But it is, if there's a conflict with the reinstatement statute, it's still relevant, and it's related to the reinstatement. So even if the time cuts off at the IJ's decision in Tacoma, the court still has the termination of the removal proceeding in New York, that's properly in the record to review. And so if the court determines that matter of GNC and the regulations weren't followed, it would be proper to review that because it's concurrent with the reinstatement order. Thank you, counsel. And I see we've run out of time. Thank you, Your Honor. The case just argued is submitted, and we appreciate the arguments from both counsel.
judges: Graber, Berzon, Ezra